Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVAN L. DENENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 3:19-cv-02063-MMA-NLS<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I.  INTRODUCTION

1.  This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

//

## II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. §1681 *et. seq.* and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.  Venue in this District is proper in that the Defendants transact business here, the conduct complained of occurred here and Plaintiff resides here.

## III. PARTIES

3.    Plaintiff STEVAN DENENBERG is a natural person residing in the State of California, County of San Diego.

4.    Defendant CITIBANK N.A. at all times relevant was a corporation doing business in this judicial district and operating from an address at 100 Citibank Drive, San Antonio, TX 78245.  Defendant is a corporation who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the corporation's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.  Defendant furnishes consumer information to consumer reporting agencies ("CRAs").

5.    The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## IV. FACTUAL ALLEGATIONS

6.    Defendant serviced a home equity line of credit in Plaintiff's name secured to real estate ("the HELOC").

7. Plaintiff desired to pay the HELOC in full and contacted Defendant to request a payoff.

8. Defendant quoted a payoff figure of $22,422.61 and provided a deadline by which to make the payment.

9. Plaintiff paid the payoff figure in full and by the deadline.

10. As Plaintiff paid the HELOC in full, nothing further was owed.

11. Defendant then contacted Plaintiff and stated an additional $250.96 was owed, despite the payoff.

12. Plaintiff went to Defendant's branch to make the payment despite owing nothing on the Loan.

13. Defendant informed Plaintiff that he would have to wire the payment.

14. Plaintiff went to Western Union and sent a wire of $251.28 to Defendant.

15. Despite having paid the HELOC in full, Defendant reported the HELOC to Plaintiff's credit file in a manner that did not ensure maximum possible accuracy.

16. Defendant reported to Equifax that the status of the HELOC was a "charge off." This was not accurate as the HELOC had been paid in full at that time.

17. Defendant also falsely reported that the HELOC had been charged off in July 2019.

18. Defendant also falsely reported that the HELOC had a last activity date of December 2015.

19. Defendant also falsely reported that the date of first delinquency on the HELOC was December 2015.

20. Defendant also falsely reported that a major first delinquency on the HELOC occurred October 2018.

21. In reality, any delinquency occurred earlier and by reporting a later date it re-aged the account giving the false impression of a recent delinquency.

22. Defendant reported a separate home loan ("the Loan") to Trans Union that the current status of the Loan was "Account 90 Days Past Due Date." This was not accurate as

1  the current status of the Loan was that it had been transferred and was paid as agreed.

2  23.  Plaintiff disputed the erroneous credit reporting multiple times with Defendant
3  and the credit bureaus.

4  24.  Defendant failed to conduct a reasonable investigation into the dispute and
5  continued the incorrect credit reporting.

6  25.  As a result of Defendant's conduct, Plaintiff suffered damage to his credit
7  worthiness.

8  26.  As a result of Defendant's conduct, Plaintiff suffered emotional distress.

## V.  FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

27.  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

28.  Defendants violated 15 U.S.C. §1681s-2(b) by furnishing the incorrect information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to CRAs.

29.  The Defendants' unlawful conduct damaged Plaintiff as referenced above.

30.  The Defendants' unlawful conduct was willful.

31.  Plaintiff is entitled to recover damages under 15 U.S.C. §§1681(n) and/or 1681(o).

32.  Plaintiff is further entitled to recover costs and attorneys' fees from Defendants pursuant to 15 U.S.C. §§1681(n) and/or 1681(o).

## V.  SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

33.  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

34.  Defendants violated the CCRAA, by including but not limited to, the following:

  (a) Defendants violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Defendants knew or should have known was incomplete or inaccurate.

35. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

36. Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, punitive damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

  (a) Actual damages;
  (b) Punitive damages;
  (c) Statutory damages;
  (d) Costs and reasonable attorney's fees pursuant to the FCRA and CCRAA, and
  (e) For such other and further relief as the Court may deem just and proper including but not limited to an order to correct the inaccurate credit information.

Date: January 22, 2020    \_\_\_\_s/ Jeremy S. Golden_____
               Jeremy S. Golden
               Attorney for Plaintiff

//
//
//
//

# DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: January 22, 2020          _____s/ Jeremy S. Golden_____
                                Jeremy S. Golden
                                Attorney for Plaintiff