Alexandra C. Whitworth (SBN 303046)
Thomas P. Kinzinger (SBN 323889)
**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
Telephone:  (415) 675-3400
Facsimile:  (415) 675-3434
E-Mail:  alex.whitworth@bclplaw.com

Attorneys for Defendant CITIBANK, N.A.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| STEVAN L. DENENBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A.,<br><br>    Defendant. | Case No. 3:19-cv-02063 MMA NLS<br><br>Hon. Michael M. Anello<br><br>**DEFENDANT CITIBANK, N.A.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant CITIBANK, N.A. ("Defendant"), by its counsel, and for its Answer to the First Amended Complaint of Plaintiff STEVAN L. DENENBERG ("Plaintiff") states:

## I. INTRODUCTION

1. Defendant admits that Plaintiff claims to seek damages under the FCRA and CCRAA. Defendant denies that Plaintiff is entitled to such damages and denies that any of its conduct violated the FCRA or CCRAA.

## II. JURISDICTION AND VENUE

2. Defendant admits that jurisdiction and venue are proper.

## III. PARTIES

3. Defendant lacks information and belief sufficient to form a belief regarding the allegations in this Paragraph, and on that basis denies the allegations.

4. Defendant admits the allegations in this Paragraph.

5. Defendant lacks information and belief sufficient to form a belief regarding the allegations in this Paragraph, and on that basis denies the allegations.

## IV. FACTUAL ALLEGATIONS

6. Defendant admits the allegations in this Paragraph.

7. Defendant admits that Plaintiff contacted Defendant to request a payoff amount but otherwise lacks information and belief sufficient to form a belief regarding the remainder of the allegations in this Paragraph, and on that basis denies them.

8. Defendant admits the allegations in this Paragraph.

9. Defendant denies that Plaintiff's account was ever paid in full.

10. Defendant denies the allegations in this Paragraph.

11. Defendant admits that it informed Plaintiff that an additional $250.96 was owed.

12. Defendant lacks information and belief sufficient to form a belief regarding the allegations in this Paragraph, and on that basis denies the allegations.

13. Defendant lacks information and belief sufficient to form a belief regarding the allegations in this Paragraph, and on that basis denies the allegations.

14. Defendant lacks information and belief sufficient to form a belief regarding the allegations in this Paragraph, and on that basis denies the allegations.

15. Defendant denies the allegations in this Paragraph.

16. Defendant admits that it correctly reported the status of the HELOC as a "charge off" to Equifax, but denies the remaining allegations in this Paragraph.

17. Defendant denies that it falsely reported the HELOC.

18. Defendant denies that it falsely reported the HELOC.

19. Defendant denies that it falsely reported the HELOC.

20. Defendant denies that it falsely reported the HELOC.

21. Defendant denies the allegations in this paragraph.

22. Defendant admits that the Loan was transferred, but denies that the Loan was reported inaccurately and denies the remaining allegations in this paragraph.

23. Defendant admits that Plaintiff disputed Defendant's credit reporting with Defendant, but denies that any of its credit reporting was erroneous. With respect to the allegations that Plaintiff disputed the reporting with the credit bureaus, Defendant lacks information and belief sufficient to form a belief regarding those allegations and on that basis denies them.

24. Defendant denies the allegations in this Paragraph.

25. Defendant denies the allegations in this Paragraph.

26. Defendant denies the allegations in this Paragraph.

## V.  FIRST CLAIM FOR RELIEF
### (Against All Defendants for Violations of the FCRA)

27. Defendant incorporates by reference its responses to each and every paragraph above.

28. Defendant denies the allegations in this Paragraph.

2

1. 29. Defendant denies the allegations in this Paragraph.
2. 30. Defendant denies the allegations in this Paragraph.
3. 31. Defendant denies the allegations in this Paragraph, and specifically denies that Plaintiff is entitled to any damages whatsoever.
4. 32. Defendant denies the allegations in this Paragraph, and specifically denies that Plaintiff is entitled to any damages whatsoever.

## VI.  SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

33. Defendant incorporates by reference its responses to each and every paragraph above.

34. Defendant denies the allegations in this Paragraph and in sub-paragraph (a).

35. Defendant denies the allegations in this Paragraph.

36. Defendant denies the allegations in this Paragraph, and specifically denies that Plaintiff is entitled to any damages whatsoever.

## AFFIRMATIVE/ADDITIONAL DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1. The Complaint and each purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

#### (Acts of Others)

2. If Plaintiff sustained any loss, injury, damage or detriment, such loss, injury, damage or detriment was actually and proximately caused or contributed to by the negligence and/or careless actions or omissions to act and/or other tortious conduct and/or intentional wrongdoing and/or statutory violations of Plaintiff and/or persons or entities other than Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

3.  The causes of action are barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any, that she may have sustained by reason of the acts described in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

4.  Plaintiff lacks standing to sue because Plaintiff has not suffered any actual damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Appropriate Procedures)**

5.  Defendant had in place reasonable and appropriate procedures to investigate and verify any and all credit information it was allegedly furnishing.

**SIXTH AFFIRMATIVE DEFENSE**

**(Offset/Recoupment)**

6.  Any damages otherwise recoverable by Plaintiff are offset, in whole or in part, by amounts owed to Defendant, and Defendant is entitled to recoup such amount.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

7.  Plaintiff's state law claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

8.  Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during its investigation and discovery in this

matter. Defendant further reserves the right to amend its answer and defenses accordingly.

## **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by Plaintiff's Complaint;
2. That Plaintiff's Complaint be dismissed in its entirety;
3. That judgment be entered in favor of Defendant;
4. For Defendant's costs of suit incurred in this action;
5. For Defendant's reasonable attorneys' fees, as may be allowed by law; and
6. For such other and further relief as the Court may deem just and proper.

Dated: February 20, 2020         Respectfully submitted,

Alexandra C. Whitworth
**BRYAN CAVE LEIGHTON PAISNER LLP**


By: ___s/*Alexandra Whitworth*___
        Alexandra C. Whitworth
Attorneys for Defendant

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

5

DEFENDANT CITIBANK'S ANSWER TO FIRST AMENDED COMPLAINT
(3:19-CV-02063 MMA NLS)

601641279.2